GEORGE BOWEN and another *vs.* DAVID WARREN and others.

Penobscot. Opinion December 7, 1880.

*Shipping. Part owner; evidence of title.*

Where a person, who is sued as part owner, admits that one-sixteenth of the vessel was enrolled in his name at the time the bill in suit was contracted, and had been for about twenty-five years, and that he has received some of the earnings; *Held,* that the evidence is sufficient *prima facie* that the title of one-sixteenth the vessel is in such person, though he claimed that the enrollment was without his authority and that he received the earnings in payment of a bill which he held against the vessel.

ON REPORT.

Assumpsit against the owners of schooner Hudson, for supplies and materials furnished to the vessel.

It appeared from the testimony of J. R. Grover, that he was master of the vessel, sailed her on shares, contracted the bill in suit in behalf of the owners, and by their authority, and that it did not belong to him while sailing the vessel on shares, to furnish any of the articles sued for, at his own expense.

Joseph Partridge, one of the defendants, testified in substance that he never had any bill of sale or instrument in writing, of any part of the schooner, never authorized any one to enroll any of her in his name, never exercised any acts of control or ownership over her, never gave any one authority to contract bills on her, had no interest in the vessel except that he helped repair her some twenty-five years or more ago and took the earnings for his pay—"what I got." At the time of making the repairs, his father told him that he had put his (defendant's) name into the papers for one-sixteenth of that vessel. No price was mentioned and he had never made any conveyance of that sixteenth. Never authorized any one as his agent to incur any liabilities on account of the schooner.

*Barker*, *Vose*, *& Barker*, for the plaintiffs, cited: U. S. R. S., § § 4131, 4141, 4142, 4319; 26 Maine, 428; 4 Pick. 300.

*Charles P. Stetson*, for Joseph Partridge, one of the defendants.

The master was sailing on shares and couldn't bind the owners for such supplies. *Urann* v. *Fletcher*, 1 Gray 125.

The vessel was in a home port and the articles were furnished without the knowledge or consent of this defendant. *Howard* v. *Odell*, 1 *Allen*, 85; *Blanchard* v. *Fearing*, 4 Allen, 118; 100 Mass. 511; *Elder* v. *Larrabee*, 45 Maine, 590.

SYMONDS, J. This is similar to the previous case of *Bowen* v. *Peters*, and the opinion in that disposes of one, and perhaps the principal, ground of defence.

We think the evidence is sufficient, *prima facie*, that the title to one-sixteenth of the schooner, at the date of the charges, was in Joseph Partridge, the only defendant who contests the claim; and that the articles charged were such as, under the agreement between master and owners about the manner of sailing the vessel, the owners were to furnish and the master was

accustomed to purchase on their credit. *Lyman* v. *Redman*, 23 Maine, 289 ; *Chadbourne* v. *Duncan*, 36 Maine, 89 ; *McLellan* v. *Reed*, 35 Maine, 172 ; *Swanton* v. *Reed*, 35 Maine, 176 ; *Bonzey* v. *Hodgkins*, 55 Maine, 98 ; *Wickersham* v. *Southard*, 67 Maine, 595.

The item for interest prior to the date of the writ cannot be allowed.

> *Judgment for plaintiffs for $164.17, and interest from date of the writ.*

APPLETON, C. J., BARROWS, DANFORTH, and VIRGIN, JJ., concurred.